The Chief Justice
delivered the opinion of the court.
The action before the justice was brought on an assumption by the defendant below, to pay the amount of a judgment in favor of the plaintiff, against one Joseph Branson, Jr., on which an execution had been issued and placed in the hands *148 of a constable. At the return of the summons, the defendant appeared before the justice, confessed the plaintiff's demand, and judgment was thereupon rendered against him. This judgment he seeks to reverse on the present writ of certiorari.
*One of the reasons assigned by him is, that the judgment was fraudulently obtained; that the amount of the first judgment had been paid, which was known to the plaintiff and unknown to him ; that he was assured by the plaintiff it had not been paid; and through the fraudulent assurances and assertions of the plaintiff, he was induced to confess the judgment.
These allegations are. entirely unsupported by proof. The statement of Joseph White, the only evidence read here, is, that out of the sales of the property of Joseph Branson, after satisfying sundry executions in his hands as constable, he paid to the constable who held the execution in favor of Eayre, the amount due upon it, somewhat more than two years after the assumption, and about the same length of time antecedent to the confession of judgment.
It does not appear that the plaintiff knew or that the defendant was ignorant of what had been thus done, nor that the plaintiff made any assurances or assertions to him respecting it, either fraudulent or otherwise. It does not appear that any thing now stated by White was unknown to the defendant at the confession of judgment, or that he may not now repent merely of what he then did.
Under these circumstances, it is very manifest, this court ought not to disturb the judgment; even if we possess the power, which is denied by the counsel of the defendant in certiorari; but concerning which it is not now necessary to enquire.
Another reason assigned for reversal is, that the ju'stice has not, as directed by the statute, entered on his docket, the style of action and the sum demanded. Ho precise form for these entries is prescribed, and they are, I think, *149 here sufficiently, substantially and intelligibly made. After the names of the parties, plaintiff and defendant, the transcript roads “ Summons in debt $>31.29, issued February 25, 1830.”
Another reason for reversal points out sundry alleged defects in the state of demand. There is, it is said, no consideration for the assumption set out; no averment that the first judgment is in full force; nor where it was rendered; nor are the names of the parties to it sufficiently explicit.
It has been long since settled that this court will not reverse *a judgment confessed in the court for the trial of small causes, if no state of demand was filed. Gottry & Fellowfield v. Ruckman, 1 Penn. 427; Hunt v. Shivers, 1 South. 89. A fortiori, we ought not to reverse in the case before us, even if all the alleged defects, do in fact exist.
Let the judgment be affirmed.